IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

GLENNIE DEE DAVIS, # 120206,    *
                                *
     Plaintiff,                 *
                                *
vs.                             * CIVIL ACTION NO. 19-00454-TFM-B
                                *
OFFICER MURRAY,                 *
                                *
     Defendant.                 *

                    **REPORT AND RECOMMENDATION**

    Plaintiff Glennie Dee Davis, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Because Davis is seeking to proceed *in forma pauperis*, the Court is reviewing his complaint under 28 U.S.C. § 1915(e)(2).[1] After careful review, it is recommended that

---

[1] Section 1915(e)(2) provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal—

            (i) is frivolous or malicious;

            (ii) fails to state a claim on which relief may be granted; or

this action be transferred to the United States District Court for the Middle District of Alabama.

In his complaint, Davis avers that he is currently incarcerated at Staton Correctional Facility, which is located in Elmore, Alabama. (Doc. 1 at 1, 5). Davis names "Officer Murray" as the sole Defendant, and he states that Officer Murray is employed as a correctional officer at Staton Correctional Facility. (Id.). Davis alleges that, at the Staton Correctional Facility on July 12, 2019, Officer Murray pushed him and sprayed him in the face with a chemical agent. (Id. at 4-5). Davis further alleges that he was denied medical care after the attack, despite the fact that he was blinded for at least thirty minutes by the chemical agent. (Id. at 5). Davis seeks compensatory and punitive damages. (Id. at 5, 7-8).

A § 1983 action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

> judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). When venue is not proper in the district of filing, a district court must dismiss, or if it is in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a); see Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to § 1406(a), of a Bivens action from New York to Georgia), cert. denied, 562 U.S. 1250 (2011). The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it. Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

As noted, Davis contends that he was attacked by a correctional officer and then denied medical care during his incarceration at Staton Correctional Facility, and he has named one Defendant, Officer Murray, who is identified as a correctional officer at Staton Correctional Facility in Elmore, Alabama. The Court takes judicial notice of the fact that Staton Correctional Facility is located in Elmore, Alabama, which, in turn, is located in Elmore County, Alabama, and that Elmore County lies within the Middle District of Alabama. Thus, Davis' action appears to have

no connection to this district.  Pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Middle District of Alabama. Considering Davis' *pro se* status, it is recommended, in the interest of justice, that this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **August, 2019.**

                                            **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**